IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS SCOTT HOOPES | § | |
| | § | A-10-CA-210 SS |
| v. | § | and |
| | § | A-10-CA-227 SS |
| GREG ABBOTT and ELLEN HOOPES | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are Douglas Hoopes's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1 in A-10-CA-210-SS); Douglas Hoopes's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1 in A-10-CA-227-SS); and Douglas Hoopes's Request for Appointment of Counsel (Clerk's Doc. No. 2 in A-10-CA-227-SS). By standing order, the applications and motion have been referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of this Court.

## I.  BACKGROUND

On March 26, 2010, Mr. Hoopes filed his first application to proceed *in forma pauperis* in cause number A-10-CA-210-SS. It was unclear from what was attached to that application exactly what Mr. Hoopes was alleging, but before the undersigned could order him to file a more definite statement clarifying his allegations, Mr. Hoopes filed a new application to proceed *in forma pauperis* and motion to appoint counsel. The second motion was filed April 1, 2010, and was assigned cause number A-10-CA-227-SS. The second application clarifies to some extent what Mr. Hoopes is seeking, and makes clear that the two cases are based on the same conduct, seek the same relief, and should be considered together.

From what Mr. Hoopes states in the materials attached to his applications, it appears that Mr. Hoopes wishes to remove a case from the 126th Judicial District Court in Travis County, Texas, No. D-1-FM-09-004779, on the grounds that his civil rights were allegedly violated when two police officers removed Mr. Hoopes from his home pursuant to a protective order.  By all indications, the state action Mr. Hoopes seeks to remove is a family law case currently pending in state court.  He has not filed a notice of removal, but instead has filed these two cases under review.

## II.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After considering Mr. Hoopes's financial affidavit the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Mr. Hoopes *in forma pauperis* status.  However, because the undersigned determines that removal is plainly improper, the undersigned recommends that both cases, A-10-CA-210-SS and A-10-CA-227-SS, be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Mr. Hoopes has been granted leave to proceed *in forma pauperis*, the Court is required to review the case under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ."  "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Because the approach Mr. Hoopes is taking is, to say the least, unorthodox, it is difficult to classify his case. In essence though, it is clear that what Mr. Hoopes is attempting to achieve is to have the domestic dispute between he and his wife—a dispute that appears to be the basis of a state court lawsuit—resolved in this federal court. Because Mr. Hoopes is seeking to remove a pending state case to federal court, the question here is whether it is "patently obvious" that removal is improper such that Mr. Hoopes's two cases before this Court should be dismissed. Federal courts are courts of limited jurisdiction, which can hear cases only where empowered to do so by the Constitution or by act of Congress. 13 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PRACTICE § 3522. Under federal statute, a civil action brought in state court can be removed by a defendant to federal district court only where the federal court would have had jurisdiction of the action had it been brought originally in the federal court. 28 U.S.C. § 1441.

As noted above, Mr. Hoopes indicates in his applications that the case currently pending in state court is a family law matter related to his divorce. Clearly, there is no federal question jurisdiction over the state case. *See Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."). Nor is there diversity jurisdiction, as all parties are residents of Texas.[1] Federal jurisdiction is therefore lacking on diversity grounds as well. Because this court would not have had jurisdiction of the state action had it been brought originally in federal court, it is "patently obvious" that it may not be removed under § 1441. Accordingly, the

---

[1] Even if all parties were citizens of different states, the domestic relations exception would preclude jurisdiction under the diversity statute. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reaffirming the validity of the domestic relations exception as it pertains to divorce and alimony decrees and child custody orders).

undersigned recommends that cause numbers A-10-CA-210-SS and A-10-CA-227-SS be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[2]

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** cause numbers A-10-CA-210-SS and A-10-CA-227-SS pursuant to 28 U.S.C. § 1915(e)(2). The undersigned **FURTHER RECOMMENDS** that the District Court **DENY AS MOOT** the Request for Appointment of Counsel (Clerk's Doc. No. 2 in A-10-CA-227-SS).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

---

[2] Generally, when there is an improper removal, the case is remanded back to state court. In this situation, however, Mr. Hoopes (who is proceeding pro se) filed two separate cases in federal court seeking to remove the same state case. The state case is still pending in state court, so remand is unnecessary, and the federal cases should instead be dismissed.

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE